secretary had filed a copy of the notice of such judgment. Appellants rely on section 322 of the Code of Civil Procedure.

By the terms of section 2 of an Act approved March 9, 1911 (Session Laws, p. 226, Comp. Stat., sec. 5338), the time within which an appeal may be taken begins to run from the date upon which a copy of the notice of judgment is filed among the papers by the clerk, not from the date of service of such notice. Section 322 is therefore inapplicable.

Appellants also say, however, that the house in question was not identified at the trial as the house occupied by defendants. The complaint was not verified. The answer contained a general denial. The judgment included an award of costs to plaintiff. The evidence adduced at the trial is not before us. At the present stage of the matter we are not prepared to say that the judgment, including the pronouncement as to costs, should be permitted to stand.

The motion must be denied.

DE LA TORRE & RAMÍREZ, Plaintiff and Appellee, v. JOSEFA BENGOECHEA Y MACÍAS, Defendant and Appellant.

No. 5658.  Argued February 15, 1932.—Decided February 17, 1932.

*Pellón & Ayuso* for appellant.  *J. Martínez Dávila* and *De la Torre & Ramírez* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

In this appeal, taken from a judgment rendered in the action, a motion has been filed in this Court for an order directing the district court to transmit to us certain original documents which are copied into the transcript of the evidence prepared by the stenographer. The appellee does not object to such transmission but it considers that the same is not necessary. A similar motion was filed in the trial court when the latter had before it, for approval, the transcript of the evidence prepared by the stenographer for the purpose of the appeal in question. The motion, however, was denied by that court on the ground that the said documents had been copied into the transcript. An appeal was taken from such ruling and in connection therewith, said original documents have been sent up, as stated by the appellant herein.

Rule 40 *b* of the Supreme Court reads as follows:

"Whenever in the discretion of the trial court it shall be necessary for the correct understanding and decision of any cause, or question therein, that any original map, paper, or exhibit of any kind, incapable of being represented by copy, photograph, or otherwise, shall be produced for inspection or examination by this Court, a description thereof shall be made in the statement of facts or bill of exceptions, so as to properly identify the same, stating that said map, paper, or exhibit is made a part of said statement or bill, and the secretary of the court below, after authenticating the said original map, paper, or exhibit, under his signature and the seal of the court, shall transmit the same to the secretary of this court, stating that it has been made a part of the record of such cause."

This rule makes it discretionary with the trial court to send to this Court such original documents as are incapable of being represented by copy. The documents whose transmission we have been asked to order have been copied into the transcript of the evidence; but the question of whether in spite of that fact such originals are necessary in this Court, is one that we can not decide now because the documents are not before us in the present case so that we might consider their character. They form part of another appeal, and it

is there where perhaps it might be determined whether or not such originals should be sent up.

The motion must be denied.

BERNARDA RODRÍGUEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 777.   Argued January 18, 1932.—Decided February 17, 1932.

*A. Marín Marién* for petitioner.   *R. Muñoz Ramos* for defendant in the main action.

ON REHEARING

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a writ of certiorari wherein the court below forwarded the record. The real party in interest, the defendant, argued his case, but did not file a brief or memorandum. On the 28th of July, 1931, we annulled an order of the district court. The defendant filed a motion for reconsideration which was granted.

The plaintiff in the court below on the 23d day of April, 1931, recovered judgment in the sum of $1,030. After judgment, among other property, a deposit of $351.48 in a local bank in favor of the defendant was attached. The defendant appeared, offered a bond of $700 and requested that the money then in possession of the marshal be turned over to